IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tracy Jones, et al., | Case No. 3:10 CV 2261 |
|           Plaintiffs, | ORDER RE:  PLAINTIFFS' <u>MOTIONS IN LIMINE</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Sandusky County, Ohio, et al., | |
|           Defendants. | |

**Specific Events / Actions Taken by Bryan Jones Prior to July 11, 2010
(Docs. 125 & 134)**

Plaintiffs seek to exclude evidence of Bryan Jones' use of physical force prior to the July 2010 shooting.  Defendants argue this evidence is relevant as to both liability and damages.

This Court will bifurcate at trial the issues of liability and damages.  The jury will first hear liability evidence.  If it returns a verdict in favor of Plaintiffs, it will then hear damages evidence. With a focus on liability, this Court finds that specific events or actions taken by Bryan Jones prior to July 11 are relevant **only** if such events or actions were known to Defendants at the time of their decision to enter the home **and** the officers relied on this information in taking action to enter the home.  Therefore, this Motion is granted in part and denied in part, and Plaintiffs may renew their Motion consistent with this ruling as appropriate at trial.

**Jones Family Use of Alcohol, Related Convictions, and Incarcerations**
**(Docs. 126 & 134)**

Plaintiffs assert serious emotional distress as a result of Bryan's death and yet ask this Court to exclude certain evidence of Bryan's relationship with his parents.  Defendants argue that such evidence is relevant to the claim for damages, including loss of consortium and emotional distress.  With bifurcation, this evidence is not relevant to the issue of liability and is excluded for that phase of the trial.  If and when the issue of damages is tried, and to the extent Plaintiffs place at issue their relationship with their son and family ties, Defendants may offer this type of evidence, which bears on the extent of emotional distress, companionship, future income, and credibility.  This portion of the Motion is therefore granted in part and denied in part.

**Charges Filed Against Sherry Keller After the July Shooting**
**(Docs. 124 & 134)**

Plaintiffs seek to exclude evidence of a criminal charge filed against Sherry Keller, the sister of Kimberly Jones, regarding Keller's threatening conduct towards Officer Jose Calvillo's children.  In March 2011, an indictment was filed against Keller in the Sandusky County Court of Common Pleas for aggravated menacing.  In July 2011, she entered a guilty plea, which the court later vacated pursuant to the terms of a diversion program.  In August 2010, a civil protection order was also filed against Keller for stalking.

It is unclear to this Court if Plaintiffs intend to call Keller to testify, or on what topics she will testify.  (Some of the topics suggested by Defendants are hearsay and would be excluded in any event.)  The bottom line is that until Keller takes the stand, and until this Court knows the subject matter of her testimony, this Court cannot rule.  Defendants apparently want to raise these subsequent charges to show Keller's bias.

This Motion is denied without prejudice and Plaintiffs may renew the Motion if Keller testifies. Plaintiffs' counsel is instructed to provide a synopsis of Keller's proposed testimony to this Court and defense counsel in advance of any testimony by Keller so that the merits of this Motion can be addressed before she takes the stand.

IT IS SO ORDERED.

                                                         s/ *Jack Zouhary*
                                                        JACK ZOUHARY
                                                        U. S. DISTRICT JUDGE

August 29, 2014